# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2007

Charles R. Fulbruge III
Clerk

No. 05-30413
Summary Calendar

DONNIE RAY DALEY

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-947

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Donnie Ray Daley, Louisiana prisoner # 107661, was convicted of aggravated rape and sexual battery and sentenced to life in prison. Concerning his application for federal habeas relief pursuant to 28 U.S.C. § 2254, our court granted Daley a certificate of appealability on whether (1) Daley was denied due process and equal protection in the selection of the grand jury foreperson, (2) whether those claims were procedurally defaulted in the state courts, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(3) whether counsel was ineffective for failing to file a pretrial motion to quash the indictment.

The district court's determination that Daley's claim under Campbell v. Louisiana, 523 U.S. 392, 400 (1998), regarding racial discrimination in the grand jury foreperson selection process was procedurally defaulted was erroneous. The state court record reflects that the state trial court denied the claim on the merits. The subsequent denial of relief by the state appellate court and state supreme court does not appear to rely on any procedural bar. Because "the last state court rendering a judgment in the case [did not] clearly and expressly state[] that its judgment rest[ed] on a state procedural bar," the procedural default doctrine does not bar consideration of Daley's Campbell claims. Harris v. Reed, 489 U.S. 255, 263 (1989).

As for Daley's claim that counsel was ineffective in failing to move to quash the indictment, the district court correctly found that Daley had not made the requisite showing of prejudice to satisfy the standard set forth in Strickland v. Washington, 466 U.S. 668, 687-94 (1984); see Pickney v. Cain, 337 F.3d 542, 545-46 (5th Cir. 2003).

We, therefore, AFFIRM that portion of the district court's judgment denying Daley's Campbell-based ineffective assistance claim. We VACATE that portion of the district court's judgment denying Daley's due process and equal protection claims based on the alleged racially discriminatory method of selecting grand jury forepersons in Iberville Parish, and we REMAND the case for further proceedings on those issues.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.